# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                               Tel: 718-740-1000
Email: abdul@abdulhassan.com                                   Fax: 718-740-2000
*Employment and Labor Lawyer*                            Web: www.abdulhassan.com

**July 25, 2018**

**Via ECF**

Hon. Brian M. Cogan, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2230
Fax: 718-613-2236

<u>**Re: Haider-Khan v. 63 Super Mart Inc.**</u>
**Case No. 18-CV-00639 (BMC)**
**Motion for Settlement Approval**

Dear Judge Cogan:

      My firm represents plaintiff Negmah Haider-Khan ("Plaintiff" or "Haider-Khan") in the above-referenced action, and I respectfully make the instant motion for approval of the settlement reached with 63 Super Mart Inc. ("Defendant"), pursuant to Your Honor's July 11, 2018 order. A fully executed copy of the settlement agreement is attached hereto as Exhibit 1. Defendant and Plaintiff both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 2 is time records detailing time and work expended by Plaintiff's counsel.

      The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid wages under the FLSA and NYLL, as well claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

      Based on the allegations in the complaint Plaintiff believes she is owed unpaid minimum wages of approximately $2/hr x 57.5hrs/wk x 4wks = $460 plus another $460 in liquidated damages. Plaintiff is also owed unpaid overtime wages of approximately $5.5/hr x 17.5hrs/wk x 4wks = $385 plus another $385 in liquidated damages. Plaintiff is also owed unpaid wages for two days (December 6, 2017 and December 7, 2017), of approximately $11/hr x 24hrs = $264 plus an additional $264 in liquidated damages. Plaintiff is owed spread of hours wages for 2017

1

of approximately $11.00/day x 5days/wk x 4wks = $220 plus an additional $220 in liquidated damages. Plaintiff is also owed spread of hours wages for 2018 of approximately $12 plus an additional $12 in liquidated damages.

We have total unpaid wages of about $1,341. If a jury is convinced that Defendants did not act in good faith, Plaintiff could also receive liquidated damages in an amount of about $1,341.

Plaintiff also brings claims for wage notice and wage statement violations but the jurisprudence in this area is unsettled especially under this Court's precedent. Moreover, recovery for wage notice and wage statement violations is covered by NYLL and not protected by the FLSA.

Under the settlement, Plaintiff is due to receive $5,000 - This amount can reasonably be viewed as exceeding the unpaid overtime wages and liquidated damages claimed by Plaintiff under the FLSA. (Ex. 1 ¶ 2(a-b)). Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Seven Hundred and Sixty-Three Dollars ($763) in filing ($400), mediation ($300), and service costs ($63), plus legal fees of Seven Thousand, Four Hundred Eighty-Seven Dollars ($7,487). (Ex. 1 ¶ 2(c). Here, the hourly fees based on the attached time records (Ex. 2), are $20,322 at the retainer rate of $600/hr for 33.87hrs or $15,241.50 at a reduced rate of $450/hr. See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Sean Young v. Joy Construction et al* 15-cv-2642 (Judge Cogan - EDNY)($5,000 in damages and $12,500 in hourly legal fees under *Cheeks*); *Bernard v. QPH Plumbing & Heating Inc.* Case No. 16-cv-04716, ECF No. 17 (Judge Tiscione)($2,000 in damages and $9,000 in hourly legal fees under *Cheeks*); *Boodhoo v. Jet Way Security & Investigation LLC* 15-CV-1733-CBA-(RER – EDNY)($10,000 in damages and $15,000 in hourly legal fees under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4000 in damages and $55,000 in fees and costs under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY)(approving $70,000 in hourly legal fees and costs under *Cheeks*); *Francis v. Bowery Residents' Committee, Inc.*, 15-cv-07102, ECF No. 25 (RLE - SDNY) (approving $5,000 in damages and $10,500 in fees and costs under *Cheeks*); *Caraballo v. 1195 Sherman Ave.*,15-cv-02325(WHP - SDNY), ECF No. 31 (approving $3000 in damages and $10,000 in fees and costs under *Cheeks*); *Precil v. U.S. Security Associates, Inc.* 15-cv- 8893, ECF No. 14 (PGG - SDNY) (approving $3780 in damages and $8720 in fees and costs under *Cheeks*); *Soler v. Mase Electric, Inc. et al*, 16-cv-1653(LMS - SDNY), (February 7, 2017 text only Order - approving $4500 in damages and $10,000 in fees and costs under Cheeks).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and a jury can award Plaintiff less than she is receiving here.

Second, there is an absence of complete and accurate contemporaneous time and wage records. Third, the amount Plaintiff is due to receive under the settlement, can reasonably be viewed as covering the FLSA-protected overtime wages and liquidated damages. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation.

Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation and which was mediated by an experienced mediator from the EDNY Mediation Panel. The settlement amount in relation to the claims and defenses, further confirms that the settlement was the product of arms' length negotiations.

We thank the Court in advance for its time and consideration, and respectfully request approval of the settlement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**