## SETTLEMENT AGREEMENT AND RELEASE

63 Super Mart Inc. ("Defendants"), and Negmah Haider-Khan ("Haider-Khan"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" shall be defined as Negmah Haider-Khan.

   b. Plaintiff Negmah Haider-Khan was employed by Defendant 63 Super Mart Inc.

   c. "Defendant" shall be defined as 63 Super Mart Inc.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on December 31, 2017, in the United States District Court, Eastern District of New York, with Civil Action #: 18-CV-0639 (BMC).

2. **Consideration**. In consideration for Ms. Haider-Khan's signing this Agreement and the release of all claims herein, Defendant 63 Super Mart Inc. agrees to make the following payments:

   a. A check made payable to "Negmah Haider-Khan" in the amount of One Thousand, Four Hundred Dollars ($1,400), less applicable taxes and withholdings, to be reported on an IRS Form W-2 due within thirty (30) days of the Court's approval of this Settlement Agreement; *NHK*

   b. A check made payable to "Negmah Haider-Khan" in the amount of Three Thousand, Six Hundred Dollars ($3,600), to be reported on an IRS Form 1099-MISC (Box 3) due within thirty (30) days of the Court's approval of this Settlement Agreement; *NHK*

   c. A check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Eight Thousand, Two Hundred and Fifty Dollars ($8,250), representing legal fees ($7,487), plus costs ($763), to be reported on an IRS Form 1099-MISC (Box 14) due within thirty (30) days of the Court's approval of this Settlement Agreement. *NHK*

   d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

   e. If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendant **63 Super Mart Inc.**, written notice of said default, by sending a notice of default by fax and email to Defendant's attorneys **Mr. Harvey Greenberg, Esq.** Defendant will have seven (7) days from receipt of such notice to cure the default. If Defendant do not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendant **63 Super Mart Inc., Harris**



1

**Khan and Umar Khalid, individually and jointly,** in the amount of Twenty-Two Thousand Dollars ($22,000) less any monies paid by Defendant at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

    f.    Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may have against Plaintiff, as of the date of execution of this Agreement.

  3. **No Consideration Absent Execution of This Agreement**.   Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

  4. **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all wage and hour claims under the FLSA and NYLL, as of the date of execution of this Agreement.

  5. **Acknowledgments and Affirmations**. Plaintiff affirms that in the Action she has asserted claims seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

  6. **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

  7. **Amendment**.  Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

  8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Haider-Khan was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Haider-Khan is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

NEGMAH HAIDER-KHAN

By: _Negmah Haider-Khan_

Date: 7/25/18

**DEFENDANT:**

63 SUPER MART INC.

By: _[signature]_

Print Name: HARRIS KHAN

Title: VP

Date: July 24, 2018